```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS J.R. MOORE,        )
         Petitioner,      )
                          )
     v.                   )    CIVIL ACTION NO. 04-1702
DAVID DIGUGLIELMO,        )    Judge Thomas M. Hardiman
         Respondent.      )    Magistrate Judge Amy Reynolds Hay
```

## MEMORANDUM ORDER

Petitioner, Thomas J.R. Moore, has filed a Petition for Writ of Habeas Corpus pursuant to the provisions of 28 U.S.C. § 2254, wherein he is challenging, *inter alia*, the validity of his criminal conviction obtained in the Court of Common Pleas of Allegheny County, Pennsylvania. (Doc. 1). For the reasons set forth below, disposition of Petitioner's Habeas Corpus Petition will be deferred pending resolution of his state proceeding being conducted pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), unless the court determines at a later date that such proceeding does not provide an available state remedy in accordance with 28 U.S.C. § 2254 or that federal court oversight of Petitioner's state proceeding no longer is required. An appropriate order follows.

**A.   Relevant Procedural History**

On April 2, 1990, a jury empaneled by Allegheny County Court of Common Pleas convicted Petitioner of one count of second-degree murder, one count of burglary, and five counts of

1

recklessly endangering another person.  After the denial of his post-trial motions, the Honorable Jeffrey A. Manning sentenced Petitioner to life imprisonment on the second-degree murder conviction.  He was also sentenced to ten to twenty years on his burglary conviction, and one to two years on his reckless endangerment convictions.  His subsequent direct appeals to the Pennsylvania appellate courts were denied.

On or about January 19, 1996, Petitioner filed a *pro se* PCRA petition in the Allegheny County Court of Common Pleas.  (Ex. 26).[1]  Therein, he raised some of the same claims that he raises in his instant federal habeas corpus petition.  (Id.; see also Ex. 35).

On February 27, 1996, Judge Manning appointed Sean P. Audley, Esq., to represent Petitioner.  On January 8, 1997, Attorney Audley filed a motion for leave to withdraw as Petitioner's counsel.  (Ex. 27).  Therein, he explained that because he had accepted an appointment as a law clerk for Judge Manning, he could not continue to represent Petitioner in the matter.  (Id.)  Judge Manning permitted Attorney Audley to withdraw, but did not immediately appoint new counsel to represent Petitioner.  (Id. at 4).

---

[1] All exhibit citations are to documents attached to the Respondent's answer (Doc. 6).

On May 9, 2000, Judge Manning issued an order noting that the Commonwealth moved to dismiss the PCRA petition and directing the Petitioner to notify the court, "in writing, whether he intends to proceed with his PCRA Petition and wishes to have counsel appointed for that purpose or wishes to withdraw his Petition." (Ex. 28). Petitioner informed the court that he wished to proceed, and on January 30, 2001, Judge Manning appointed Michael DeRiso, Esq. to represent him. (Ex. 30). Attorney DeRiso filed a Motion for Extension of Time to File an Amended PCRA Petition on March 14, 2001, explaining that he had not yet received the appropriate documentation to file an amended petition. (See 3/14/2001 motion, contained in the state court record ("SCR"), submitted to this Court on February 7, 2005).

Judge Manning scheduled a status conference in the case for December 7, 2001. (Order of Court, dated 10/29/2001, contained in SCR). On the date of the conference, Attorney DeRiso filed a Motion to Withdraw accompanied by a letter pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. Ct. 1988), in which he asserted that he did not believe that there were meritorious issues to raise in an amended PCRA petition. (Ex. 31; see also Ex. 32). In an Order dated September 4, 2002, Judge Manning notified Petitioner of the court's intent to dismiss the PCRA petition for the following reasons: (1) that the

3

court "has concluded that the claims [Petitioner] wishes to raise are not cognizable under the PCRA"; and, (2) that the court "has also reviewed the entire record in this matter and has concluded that there are not other issues[ ] which would afford [him] relief."  (Ex. 33).

On September 9, 2002, Judge Manning granted Attorney DeRiso's motion to withdraw and advised Petitioner that he was "no longer entitled to appointed counsel."  (Ex. 34).  Petitioner also was informed that he could elect to proceed without counsel. (Id.)  Soon thereafter, Petitioner notified the court that he wished to proceed *pro se.*  (Ex. 36).  No other activity has occurred in the PCRA proceeding since that filing.

**B.    Exhaustion Requirement**

The federal habeas statute, 28 U.S.C. § 2254(b), requires a state prisoner to "exhaust" available state court remedies before seeking federal relief.  The exhaustion requirement requires a petitioner to present his claims to all levels of the state courts before exhaustion will be considered satisfied. O'Sullivan v. Boerckel, 526 U.S. 838 (1999).  "[B]ecause a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief," district courts generally should dismiss habeas petitions that contain unexhausted claims and require a petitioner to return to state court to exhaust those

claims.  Rose v. Lundy, 455 U.S. 509, 522 (1982); Crews v. Horn, 360 F.3d 146 (3d Cir. 2004).

In its answer filed on February 7, 2005, Respondent asserts that Petitioner's habeas petition should be dismissed on the basis of his failure to demonstrate that he has complied with the mandatory exhaustion requirement by virtue of the fact that his PCRA petition currently is pending before the Court of Common Pleas.  However, because "exhaustion is not jurisdictional, but a matter of comity," Story v. Kindt, 26 F.3d 402, 405 (3d Cir. 1994), a district court may dispense with the exhaustion requirement when "circumstances exist that render [the state] process ineffective to protect the rights of the applicant," 28 U.S.C. § 2254(b)(1)(B)(ii).  One of these circumstances is inordinate delay in the state court.  See e.g., Lee v. Stickman, 357 F.3d 338, 341 (3d Cir. 2004); Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995); Story v. Kindt, 26 F.3d 402 (3d Cir. 1994).

To date, there has been no activity in Petitioner's PCRA proceeding for almost three years.  The Court of Appeals for the Third Circuit has held that a similar delay in pursuing post-conviction remedies is more than insubstantial, based upon the circumstances presented in those specific cases.  See Wojtczak v. Fulcomer, 800 F.2d 353 (3d Cir. 1986) (thirty-three month delay in deciding a post-conviction relief petition sufficient to

excuse the exhaustion requirement); United States ex rel. Geisler v. Walters, 510 F.2d 887, 893 (3d Cir. 1975) (delay of three and a half years in disposition of motion for new trial constitutes inordinate delay).

Notwithstanding, considerations of judicial comity and federalism counsel against giving the state system less than a full opportunity to address Petitioner's pending post-conviction petition.  In this regard, our Court of Appeals has instructed that a district court's decision to monitor state court proceedings is a preferable alternative to excusing the exhaustion requirement in the first instance.  See Carter, 62 F.3d at 595.  In Carter, the district court did not act on the petition for habeas corpus relief but retained jurisdiction and thereafter began monitoring the state court proceedings.  During that time, the district court issued several orders requiring the District Attorney's Office of Allegheny County to periodically update it on the status of the state court proceedings.  The Court of Appeals found that this type of federal court oversight protected both the rights of the petitioner as well as the important consideration of comity by effectively prodding the state court to address the petitioner's claims in a timely fashion while giving the state court the first opportunity to address the petitioner's claims.  Id.

The facts presented in the instant petition reveal that federal court supervision over petitioner's PCRA proceeding is a preferable alternative to excusing the exhaustion requirement. Accord Faraci v. Grace, 331 F.Supp.2d 362 (E.D. Pa. 2004). Judge Manning has already informed Petitioner of his intent to dismiss his PCRA petition (Ex. 33), and now all that awaits is a final decision from the court. This approach will allow Judge Manning, and then the Superior Court of Pennsylvania, to have the first opportunity to address the constitutional violations alleged by Petitioner in the instant petition.

**AND NOW**, this 15th day of July, 2005,

**IT IS HEREBY ORDERED** that on or before the twenty-fifth day of every month, beginning with August of 2005, counsel of record for the Respondent, Allegheny County Assistant District Attorney Ronald M. Wabby, Jr., shall advise this Court in writing of the status of petitioner's PCRA proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall transmit the state court record, which was received from the Court of Common Pleas of Allegheny County on February 7, 2005, back to that court for use in the PCRA proceedings.

The parties are allowed ten (10) days from this date to appeal this order to a district judge pursuant to Rule 72.1.3(B)

of the Local Rules for Magistrates.  Failure to appeal within ten (10) days may constitute waiver of the right to appeal.

                                                s/ Amy Reynolda Hay
                                                AMY REYNOLDS HAY
                                                United States Magistrate Judge

cc:   The Honorable Thomas M. Hardiman
      United States District Judge

      Thomas J.R. Moore
      SCI Graterford
      P.O. Box 244
      Graterford, PA 19426

      Ronald M. Wabby, Jr.
      Office of the District Attorney
      401 Allegheny County Courthouse
      Pittsburgh, PA 15219